# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

## JACKSON, APRIL TERM, 1916.

*(Continued from Volume 134.)*

Sophie Maydwell *v.* W. H. Maydwell *et al.*

*(Jackson.* April Term, 1916.)

1. **TRUSTS. Removal of Trustee. Friction with beneficiary.**
   Where testator's will directed his widow as trustee to apply the income from a daughter's share of the estate to the best interest of the latter and for her comfort, maintenance, and support, and friction developed between mother and daughter resulting in litigation and bad feeling, the mother will be removed as trustee on the daughter's application, irrespective of the merits of the dispute. (*Post, pp. 3, 4.*)

2. **TRUSTS. Removal of trustee. Statute.**
   The chancery court has jurisdiction, under Shannon's Code, sections 5414, 5422, to remove a trustee for the causes enumerated in the statute and "for other good cause" at suit of the beneficiary. (*Post, p. 4.*)

Code cited and construed: Secs. 5414, 5422 (S.)

135 Tenn.]                    (1)

---

Maydwell v. Maydwell.

---

3. **TRUSTS.**   Removal of trustee.   **Equitable jurisdiction.**
  A court of equity has inherent jurisdiction to remove a trustee,
    independent of statutory provisions, for good cause shown.
    (*Post, pp.* 4, 5.)

Case cited and distinguished:   May v. May, 167 U. S., 310.

---

FROM SHELBY .

---

Appeal from the Chancery Court of Shelby County.
—FRANCIS FENTRESS, Chancellor.

L. T. M. CANADA, for appellants.

JACKSON & McREE, for appellee.

MR. JUSTICE GREEN delivered the opinion of the
Court.

James Maydwell died in Memphis in 1892, the owner
of a considerable estate.   Two-ninths of this estate
was devised in trust to his wife, Mrs. Sophie Maydwell,
for the benefit of testator's daughter, Lizzie Maydwell,
now Mrs. Lizzie Hunter.   Mrs. Maydwell has acted as
trustee for her daughter since the death of her hus-
band.   In this case Mrs. Hunter is seeking to have her
mother removed as such trustee.

The proof shows that Mrs. Maydwell is a woman of
excellent business judgment.   She has managed the
estate well, preserving it and improving it.   Likewise,
Mrs. Maydwell is a woman of integrity and intelligence.

The proof further shows, however, that the relations existing between Mrs. Maydwell and her daughter are quite unfriendly and have been so for several years past. They have become involved in litigation three times about the management of the trust estate. This mutual animosity appears to be deep-seated and permanent.

The chancellor was of opinion that Mrs. Maydwell was a suitable person to manage this trust and declined to remove her. Under the circumstances of this case we think his honor was in error. We think Mrs. Maydwell should be removed.

We say this without any reflection upon the honesty or acumen of Mrs. Maydwell. It is beyond doubt that she has managed this estate well. She has been diligent in collecting its revenues and by judicious improvements has greatly enhanced its value. We think she is still capable of preserving the estate and managing it wisely notwithstanding her age.

Nevertheless the proof shows that the relations between Mrs. Maydwell and her daughter, Mrs. Hunter, are such that it would be inadvisable and prejudicial to the best interests of both and of the estate for Mrs. Maydwell to be continued as trustee.

We do not undertake to fix the blame for the state of feeling between the mother and daughter, nor do we regard the responsibility for this condition to be a matter of special importance in disposing of the question before us. Under the terms of James Maydwell's will the trustee for his daughter is directed to apply the income from the daughter's share of the

estate to the best interests of the latter and for her comfort, maintenance, and support.

To properly discharge such duties the trustee should be on friendly terms with the beneficiary. The trustee should have the confidence of the beneficiary so as to know the needs of the latter—to appreciate what expenditures should be made for the comfort, maintenance, and support of the latter. Moreover, the trustee should be favorably disposed to the beneficiary so that the discretion of the trustee may be employed for the best interests of the beneficiary. Such a personal trust cannot be satisfactorily administered where the relations between the parties are hostile. Unless a new trustee is appointed, the antagonism between mother and daughter will result in wasting the estate in litigation, if we are to judge by the conduct of these parties in the past.

The chancery court has jurisdiction under the statutes of this State (Shannon's Code, sections 5414, 5422) to remove a trustee for the several causes enumerated in the statute, and "for other good cause," at the suit of the beneficiary.

A court of equity also has inherent jurisdiction to remove a trustee independent of statutory provisions for good cause shown. 39 Cyc., 265.

Under the great weight of authority a court of equity may remove a trustee where the relations between him and the *cestui que trust* are inharmonious and unfriendly. When the duties of the trustee are such as to necessitate personal contact and conference between

the trustee and the *cestui que trust,* and the relations existing between the parties have become so acrimonious as to render personal intercourse impossible, a change of trustees should be made. 39 Cyc., 263, and cases collected under note 72.

Speaking on this subject, the supreme court of the United States has said:

"The power of a court of equity to remove a trustee, and to substitute another in his place, is incidental to its paramount duty to see that trusts are properly executed; and may properly be exercised whenever such a state of mutual ill feeling, growing out of his behavior, exists between the trustees . . . in question and the beneficiaries, that his continuance in office would be detrimental to the execution of the trust, even if for no other reason than that human infirmity would prevent the cotrustee or the beneficiaries from working in harmony with him, and although charges of misconduct against him are either not made out, or are greatly exaggerated." *May* v. *May,* 167 U. S., 310, 17 Sup. Ct., 824, 42 L. Ed., 179.

So, for the reasons stated, we think Mrs. Maydwell should be removed as trustee. The case will be remanded, and proper orders made by the chancellor to effect this removal, and the trust turned over to a suitable person selected by the chancellor under proper orders safeguarding the estate.